FILED
2009 Sep-11 PM 02:08
U.S. DISTRICT COURT
N.D. OF ALABAMA



2009 SEP 10 P 4:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA - SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES CORLEY and MYRA CORLEY,** | ) |
| **Plaintiffs,** | ) |
| **vs.** | ) CV-09-HGD-1812-S |
| **LONG-LEWIS, INC., et al.,** | ) |
| **Defendants.** | ) |

## NOTICE OF REMOVAL

COME NOW Defendants Garlock Sealing Technologies LLC and Owens-Illinois, Inc. ("Defendants"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and give notice of removing this action from the Circuit Court of Jefferson County, Alabama, where the action is now pending, to the United States District Court for the Northern District of Alabama, Southern Division. Removal of this action is based upon the following:

1. On May 7, 2009, Plaintiffs filed an original Complaint in the Circuit Court of Jefferson County, Alabama captioned, *Charles Corley and Myra Corley v. Long-Lewis, Inc., et al.*, Case No. CV-2009-901544.00 ("State Case"). See true and correct copy of the Original Complaint attached hereto Collective Exhibit 1.[1]

2. On or about July 7, 2009, plaintiffs filed a Second Amended Complaint naming defendants Garlock Sealing Technologies LLC and Owens-Illinois, Inc. as

[1] In accordance with 28 U.S.C. § 1446(a) Defendants have filed with this Notice of Removal true and correct copies of all process, pleadings, and orders that have been served upon defendants in the State Case as of this date.

defendants. See true and correct copy of the Second Amended Complaint attached hereto as Collective Exhibit 1.

3. Plaintiffs served the Complaint upon Defendant Garlock Sealing Technologies LLC on August 11, 2009, and upon Defendant Owens-Illinois, Inc. on August 13, 2009, respectively. See true and correct copies of Summonses attached hereto as Collective Exhibit 1. These defendants are removing this action within thirty (30) days after service of Plaintiffs' Second Amended Complaint pursuant to 28 U.S.C. § 1446(b).

4. All other Defendants named and served in the State Case have consented to this Notice of Removal, and each has expressly stated their consent in Consents for Removal attached as Collective Exhibit 2. These Consents for Removal have also been filed separately with the Clerk, United States District Court for the Northern District of Alabama, Southern Division. These Consents for Removal do not constitute a waiver of any defenses to which these Defendants are otherwise entitled, including without limitation, the defenses of lack of personal jurisdiction, insufficient process or service of process, and improper venue.

5. The Second Amended Complaint seeks recovery of damages arising from the allegation that plaintiff Charles Corley has suffered an asbestos-related injury arising from exposure to products that were "produced, distributed, manufactured, installed, insured, owned, and/or maintained or controlled the premises, facilities, and work sites containing asbestos-containing products and/or materials" by defendants. See Second Amended Complaint attached hereto as Collective Exhibit 1. Plaintiffs' claims are based upon five (5) separate and distinct legal theories, including, strict liability, negligence,

breach of warranties, conspiracy, loss of consortium, and plaintiffs seek significant damages in this case. See Second Amended Complaint attached hereto as Collective Exhibit 1.

6. Defendants recently learned of the basis for removal to federal court because Plaintiff Charles Corley testified at his deposition taken on August 25-27, 31, 2009, that he was exposed to asbestos-containing products that caused his injury at a number of government-owned shipyards, including, Long Beach Naval Shipyard, Philadelphia Naval Shipyard, Norfolk Naval Shipyard, and Boston Naval Shipyard. See Corley Deposition at pp. 101 (Long Beach Naval Shipyard), 177-79 (Philadelphia Naval Shipyard), 261-62 (Norfolk Naval Shipyard), 270 (Boston Naval Shipyard) attached hereto as Exhibit 3. Therefore, the Plaintiffs have admitted that Plaintiff Charles Corley has exposure at federal enclaves. In addition, these shipyards have been recognized as federal enclaves and/or government-owned shipyards which clearly qualify as federal enclaves. See copy of reference materials relating to shipyards attached hereto as Exhibit 4.

7. The defendants' right of removal in a civil action is provided in 28 U.S.C. § 1441(a), which states:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Thus pursuant to 28 U.S.C. § 1441(a), defendants may remove an action to federal court if the case is one over which the U .S. district courts have original jurisdiction. Further,

federal courts have "original jurisdiction" over cases involving diversity of citizenship between parties, because of claims arising under federal law, or by virtue of some other explicit grant of jurisdiction. *Powers v. South Central United Food & Commercial Workers Unions and Employers Health & Welfare Trust,* 719 F.2d 760, 763 (5th Cir. 1983). Claims "arising under" federal law are those based on federal question jurisdiction under 28 U.S.C. § 1331, which provides that, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

8. In the instant matter, the U.S. District Court has original jurisdiction pursuant to federal enclave jurisdiction, which is a specific type of federal question jurisdiction arising under 28 U.S.C. § 1331. The Constitution grants Congress the power "[t]o exercise exclusive Legislation in all Cases whatsoever . . . over all Places purchased by the Consent of the Legislature of the State in which the Same shall be, for the Erection of Forts, Magazines, Arsenals, Dockyards, and other needful Buildings." U.S. Const. art. I., § 8, cl. 17. The federal courts have held that "[s]uch places are 'federal enclaves' within which the United States has exclusive jurisdiction." *Akin v. Ashland Chemical,* 156 F.3d 1030, 1034 (10th Cir. 1998), (*citing Mater v. Holley,* 200 F.2d 123, 124-125 (5th Cir. 1952)). As such, "[p]ersonal injury actions which arise from incidents occurring in federal enclaves may be removed to federal district court as a part of federal question jurisdiction." *Akin*, 156 F.3d at 1034; *Mater*, 200 F.2d at 124-125.

9. The U.S. District Court also has original jurisdiction over this matter on the basis of 16 U.S.C. § 457, which provide the following:

> *Action for death or personal injury within national park or other place under jurisdiction of United States; application of State laws.* In the case of the death of any person by the neglect or wrongful act of another within a national part or other place subject to the exclusive jurisdiction of the United States, within the exterior boundaries of any State, such right of action shall exist as though the place were under the jurisdiction of the State within whose exterior boundaries such place may be; and in any action brought to recover on account of injuries sustained in any such place the rights of the parties shall be governed by the laws of the State within the exterior boundaries of which it may be. (Fed. 1, 1928, c. 15, 45 Stat. 54).

Pursuant to 16 U.S.C. § 457, federal courts are explicitly granted jurisdictional authority over death and personal injury claims arising in federal enclaves. *Stokes v. Adair,* 265 F.2d 662, 665-66 (4th Cir. 1959). The laws of the state that are assimilated under § 457 "lose their character as laws of the state and become laws of the Union," thereby providing an independent basis for federal jurisdiction independent of the "arising under federal law" provision of 28 U.S.C. § 1441, *Id.*

10. Likewise, in the present matter, because Mr. Corley was allegedly injured on exclusive federal enclaves, the United States District Court clearly has basis for original jurisdiction: **federal enclave jurisdiction** – a specific type of federal question jurisdiction arising under 28 U.S.C. § 1331; and 16 U.S.C. § 457 jurisdiction**,** by virtue of the explicit grant of authority provided by statute. Therefore, as this case involves the federal court's original jurisdiction, and as the Plaintiffs originally brought suit in Circuit Court for Jefferson County, Alabama, the Defendants may properly remove this case to the United States District Court for the Northern District of Alabama, Southern Division pursuant to 28 U.S.C. § 1441(a). *See Akin v. Big Three Industries,* 851 F. Supp. 819, 821-22 (E.D. Tex 1994) (stating that "enclave jurisdiction is properly invoked" where

"plaintiffs' claims arise out of exposure to chemicals on base in furtherance of their employment duties"); *Fung v. Abex Corp., et al.,* 816 F. Supp. 569, 571 (N.D. Cal. 1992) (indicating that as plaintiff's causes of action arose on an exclusive federal enclave, they were properly the subject of federal jurisdiction).

11. Garlock and OI reserve the right to amend this Notice of Removal as may be necessary, and request a full and fair opportunity to brief, respond to, and argue against any motion to remand filed by plaintiffs.

12. Garlock and OI reserve all defenses, including without limitation, the defenses of lack of personal jurisdiction, insufficient process or service of process, and improper venue.

13. Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, Defendants Garlock Sealing Technologies LLC and Owens-Illinois, Inc., as consented to by all other Defendants named and served in the State Case, remove this action to the United States District Court for the Northern District of Alabama, Southern Division.

Respectfully Submitted this the 10th day of September, 2009,

STARNES & ATCHISON

By: ____________________
Anthony C. Harlow

Seventh Floor, 100 Brookwood Place
P. O. Box 598512-8512
Birmingham, AL 35259-8512
(205) 868-6074

*Attorneys for Defendant Owens-Illinois, Inc.*

EDWARD B. MCDONOUGH, JR.

By: Edward B. McDonough, Jr.

Law Offices of Edward B. McDonough, Jr., PC
P.O. Box 1943
Mobile, AL 36633
(251) 432-3296

*Attorneys for Defendant Garlock Sealing Technologies LLC*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and exact copy of the foregoing pleading has been served upon the following counsel for parties in interest herein by delivering same to the offices of said counsel, or by mailing same to the offices of said counsel by United States Mail with sufficient postage thereon to carry the same to its destination.

G. Patterson Keahey, Jr., Esquire
Law Offices of G. Patterson Keahey, P.C.
One Independence Plaza, Suite 612
Birmingham, Alabama 35209

Respectfully submitted this 10th day of September, 2009.

Attorney